**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50033 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02238-JLS-1 |
| v. | |
| MIGUEL ANGEL PONCE-ZUNIGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted February 6, 2013
Pasadena, California

Before: PREGERSON, W. FLETCHER and NGUYEN, Circuit Judges.

In March 2009, Miguel Ponce-Zuniga ("Ponce"), a former legal permanent resident of the United States, was removed from the United States following an aggravated felony conviction. In October 2010, Ponce was convicted of attempted

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

reentry by a removed alien under 8 U.S.C. § 1326. Ponce appeals this conviction. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

A defendant may challenge an attempted reentry conviction by collaterally attacking the underlying removal order pursuant to 8 U.S.C. § 1326(d). Section 1326(d) has three requirements: (1) the defendant must have exhausted administrative remedies; (2) the deportation proceedings must have improperly deprived the defendant of the opportunity for judicial review; and (3) the entry of the order must have been fundamentally unfair. We review a collateral attack to a removal order *de novo*. *United States v. Lopez-Velasquez*, 629 F.3d 894, 896 (9th Cir. 2010) (en banc). The entry of the removal order is fundamentally unfair if "(1) [the immigrant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal citation and quotation marks omitted).

Ponce fails to meet the third requirement of § 1326(d). Ponce's due process rights were violated by the IJ's failure to obtain a valid waiver of his right to counsel. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103–05 (9th Cir. 2004) (holding that an IJ's failure to obtain a knowing and voluntary waiver of the right to counsel from a pro se petitioner is a due process violation). The IJ failed to get a

2

knowing waiver because the IJ did not ask Ponce if he wished to have an attorney, did not determine whether good cause existed to grant Ponce more time to find an attorney, and did not tell Ponce about the consequences of proceeding without an attorney. *See Ram v. Mukasey,* 529 F.3d 1238, 1242 (9th Cir. 2008).

Ponce was not prejudiced by this violation, however, because he did not have a plausible ground for relief at the time of his removal hearing. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000). Ponce argues he would have sought a continuance at the hearing to seek state habeas relief based on the ineffective assistance of counsel who represented him during his 2007 aggravated felony proceedings. Ponce alleges that counsel in those proceedings failed to inform him of the potential immigration consequences of a guilty plea and advised him to plead guilty when he lacked the requisite knowledge element of the crime. The Supreme Court held in *Padilla v. Kentucky* that the Sixth Amendment requires defense counsel to "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." 559 U.S. 356, 130 S.Ct. 1473, 1483 (2010). But *Padilla* had not been decided at the time of Ponce's 2009 removal hearing, and the Supreme Court recently held that *Padilla* does not apply retroactively. *Chaidez v. United States*, 568 U.S. __, 133 S.Ct. 1103, 1105 (2013). In light of this holding, as well as Ponce's criminal history and the other charges

3

that were dismissed as a result of the plea agreement, we cannot conclude that

Ponce's ineffective assistance of counsel claim was a plausible ground for relief.

**AFFIRMED**.